Adam W. Cook, ABA #0611071
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, AK 99501
Telephone 907.276.1550
Facsimile 907.276.3680
acook@bhb.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| The UNITED STATES OF AMERICA for the use and benefit of SUPERIOR GROUP, INC., d/b/a SUPERIOR PLUMBING & HEATING, an Alaska corporation,<br><br>   Plaintiff,<br><br> v.<br><br>BETHEL FEDERAL – UNIT JV; BETHEL FEDERAL SERVICES, LLC, an Alaska limited liability company; UNIT COMPANY, an Alaska corporation; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; ZURICH AMERICAN INSURANCE COMPANY, Bond No. 09277667; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Bond No. 106855350,<br><br>   Defendants. | Case No. 3:22-cv-_____ |

**COMPLAINT**

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.
COMPLAINT
01225750.DOCX

CASE NO. 3:22-CV-_____
PAGE 1 OF 13

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 1 of 13

COMES NOW Plaintiff, Superior Group, Inc., d/b/a Superior Plumbing & Heating (hereinafter "SPH"), by and through undersigned counsel, Birch Horton Bittner & Cherot, and hereby complains and alleges as follows:

## PARTIES

1. Plaintiff SPH is a corporation organized and existing under the laws of the State of Alaska, and has maintained all other prerequisites to maintain this action.

2. Upon information and belief, Bethel Federal–Unit JV is a U.S. Small Business Administration joint venture program participant, licensed to do business in Alaska, Alaska Business License No. 1055597. Upon information and belief, Bethel Federal–Unit JV is a joint venture partnership between Bethel Federal Services, LLC, a limited liability company organized and existing under the laws of the State of Alaska, and Unit Company, a corporation organized and existing under the laws of the state of Alaska (Entity No. 35411D).

3. Bethel Federal Services, LLC, Unit Company, and Bethel Federal-Unit JV are referred to collectively herein as "BFU."

4. Upon information and belief, Fidelity and Deposit Company of Maryland (hereinafter "Fidelity") and Zurich American Insurance Company are, respectively, a Maryland corporation organized and existing under the laws of the State of Maryland and a New York corporation organized and existing under the laws of the state of New York. Fidelity and Zurich American Insurance Company

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.
COMPLAINT
01225750.DOCX

CASE NO. 3:22-CV-_____
PAGE 2 OF 13

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 2 of 13

are issuers of surety bonds required by law or contract by the United States of America, and are obligor of Bond No. 09277667.

5. Upon information and belief, Travelers Casualty and Surety Company of America (hereinafter "Travelers") is a Connecticut corporation organized and existing under the laws of the State of Connecticut, and an issuer of surety bonds required by law or contract by the United States of America, and is obligor on a payment bond, Bond No. 106855350.

6. Fidelity and Travelers are referred to collectively herein as the "Sureties." BFU's total payment bond for United States federal contract W911KB18C0009, in the amount of $33,156,000, is referred to herein as the "Bond."

## JURISDICTION AND VENUE

7. This Court has jurisdiction, as this case arises under the Miller Act, 40 U.S.C §§ 3131 and 3133.

8. Venue is appropriate in this court pursuant to the Miller Act, 40 U.S.C. 3133(b)(3).

## FACTS

9. SPH is a provider of mechanical services headquartered in Alaska.

10. BFU is prime contractor for a contract with the U.S. Army Corps of Engineers (the "Government"), Contract number W911KB18C0009 (the "Prime Contract").

11. The Prime Contract was an agreement for design-build of a hangar facility with four maintenance bays (the "Hangar") for F-35A aircraft, together with administrative spaces, at Eielson AFB, Alaska, designated EIE379 F-35-A HANGAR/SQUAD OPS/AMU SQUAD #2 (the "Project").

12. SPH agreed to provide the mechanical scope of work (the "Work") for the Project. BFU and SPH entered into Subcontract Agreement 21801-22000 (the "Subcontract") on or about May 15, 2018.

13. SPH agreed to perform mechanical and plumbing installation in the Hangar for a firm fixed price of $5,318,000, and perform site utilities work outside the Hangar for a firm fixed price of $282,000. The total Subcontract Price was $5,600,000.

14. The Prime Contract obligated BFU to complete its scope of work within 610 days of receipt of notice to proceed. The Government gave BFU notice to proceed on or about March 1, 2018. BFU and the Government developed a Baseline Schedule showing completion of the Project 610 days later, on November 1, 2019.

15. Under the terms of the Subcontract and modifications thereto, BFU was required to pay SPH for all its efforts and work, including work performed in addition to SPH's original scope of work if such additional work was both necessary and not the result of some fault or responsibility of SPH.

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.
COMPLAINT
01225750.DOCX

CASE NO. 3:22-CV-_____
PAGE 4 OF 13

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 4 of 13

16. SPH performed additional work as a result of the following circumstances, none of which were within the responsibility or control of SPH:

- Re-performance of mechanical work due to a design error in the overhead crane of the main Hangar Bay;

- Delay caused by the overhead crane design error;

- Delay in the approval by BFU and/or the Government of submittals made by SPH, particularly submittals that needed approval prior to the procurement of specialized items for installation;

- Delay due to the failure of BFU to sequence the work concurrently performed by the various active trades in a way that prevented interruption or reduced productivity;

- Delay due to the crowding of trades into confined or incomplete spaces because of the sequencing problems described above, resulting in limited or restricted access to areas in which SPH was obligated to perform work;

- Delay due to the failure of BFU to provide SPH with information about the Project schedule, leaving it difficult for SPH to properly prioritize tasks and efficiently allocate resources;

- Delay due to the failure of BFU to provide sufficient heat and power to the Project; and

- Disruption and loss of efficiency due to the synergistic effect of multiple concurrent delays in the Work.

17. SPH timely notified BFU following each instance of delay, disruption, and re-performance work described above as it occurred. SPH informed BFU that the problems had expanded SPH's original scope of work, resulting in additional direct, indirect, and administrative costs for SPH in excess of the Subcontract Price.

18. On January 21, 2020, SPH submitted to BFU a request for reimbursement for delay on a per-day cost basis, calculating an additional 119 days of work in its period of performance (i.e., projected substantial completion on February 28, 2020).

19. BFU did not grant SPH's request, in whole or in part.

20. Instead of February 28, 2020, the entire scope of SPH's Work was not substantially complete until on or about July 30, 2020. At substantial completion, SPH had worked 272 days beyond its contractual completion date of November 1, 2019.

21. On October 28, 2020, SPH made another request for reimbursement for delay on a per-day cost basis. In addition to the original 119 additional days it had previously claimed, SPH now claimed 153 additional days for the work performed prior to July 30, 2020, and 17 additional days of work due to change orders modifying SPH's Scope of work.

22. BFU granted SPH 17 additional days due to change orders, and no additional days due to additional work caused by delay, disruption, or re-performance of the Work.

23. BFU, despite a contractual obligation to recognize and reimburse the changes in SPH's scope of work, refused to negotiate a modification of the Subcontract Price with SPH to reimburse SPH for additional work caused by delay, disruption, or re-performance of the Work. Instead, it either faulted the Government for the additional work performed by SPH or questioned whether the additional work was performed at all.

24. SPH continued to perform various tasks on the Project following substantial completion, pursuant to change orders altering its Scope of Work.

25. The Government issued a unilateral modification to the Prime Contract on May 19, 2021, to address various Project delays. Modification P00048 to the Prime Contract extended the Prime Contract performance period 170 days, and granted an adjustment of $300,000 in the Prime Contract amount.

26. Modification P00048 was a preliminary step towards a settlement of all delay claims brought by BFU. Modification P00048 addressed 10 Prime Contract modifications demanded by BFU, but none of them encompassed reimbursement for SPH's additional costs.

27. On June 7, 2021, BFU communicated to SPH the changes to the Project schedule made by Modification P00048 in a change order to the

Subcontract, Change Order 15. BFU acknowledged that it had received additional money to compensate it for costs incurred due to 170 days of delay in the Project Work.

28. However, BFU did not offer to compensate SPH in any amount for additional work it performed as a result of the 170 days of delay acknowledged by Modification P00048.

29. Instead, BFU notified SPH that BFU and the Government were negotiating a final modification to the Prime Contract to address costs incurred due to Project delays. BFU stated: "Superior may participate with BFU for joint recovery of extended field office overhead with a proportionate share of legal expenses to do so."

30. After this communication, BFU did not provide further guidance of any kind. Instead, BFU proceeded with negotiations with the Government without participation from SPH.

31. SPH continued to work despite its unreimbursed additional costs. SPH's last day worked on the Project was on or about August 4, 2021. SPH fully satisfied its performance obligations under the Subcontract.

32. Without SPH's knowledge or consent, SPH and the Government agreed to Modification P00069 to the Prime Contract on or about November 29, 2021. This "global settlement" purported to fully satisfy and release all claims BFU had or might have against the Government, in exchange for a Prime

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.
COMPLAINT
01225750.DOCX
CASE NO. 3:22-CV-_____
PAGE 8 OF 13

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 8 of 13

Contract price increase of $304,275. Modification P00069 described 11 unilateral changes to the Prime Contract scope of work it was intended to address, including the 170 days added to the Project Schedule in Modification P00048.

33. Once again, BFU did not reimburse SPH for any of the costs incurred due to delay in the Project, despite receiving the November 29, 2021 settlement with the Government.

34. The settlement released all other claims BFU could assert for delay damages, including any claims by SPH. From that point forward, it appeared that the only way SPH could be made whole would be an agreement from BFU to equitably adjust the Subcontract Price.

35. On June 14, 2022, SPH delivered a claim letter to BFU and its Sureties. The letter demanded an adjustment to the Subcontract Price in the amount of $1,295,177.42. The three categories of costs incurred due to disruption and delay were direct labor costs ($464,875.30), indirect costs or "daily general conditions" ($327,247.03), and unabsorbed home office overhead ($473,432.19).

36. The Claim Letter included a detailed analysis of delay factors and quantified the delay experienced on the Project. It also included evidence of SPH's incurred Project costs, in the form of documents such as payrolls.

37. Neither BFU nor the Sureties responded to the Claim Letter.

38. The Subcontract provides that, in the event of a dispute between the parties, the parties must submit the dispute to mediation.

39. On July 11, 2022, SPH wrote to BFU and formally requested submission of the parties' dispute to mediation. BFU did not respond.

40. Less than one year has passed since the last day SPH provided labor and/or materials to the Project.

## COUNT I
## CLAIM AGAINST PERFORMANCE BOND

41. SPH realleges and incorporates the statements above as though fully set forth herein.

42. BFU has failed to pay SPH additional sums owed for work properly performed due to design error, delay, and disruption outside of SPH's control.

43. As of the date of filing suit, more than ninety (90) days, but less than one (1) year has expired from the last date upon which SPH furnished labor, equipment and materials to the Project. SPH has otherwise satisfied all the requirements for pursuing a claim against the Bond.

44. In accordance with the terms of the Bond and Miller Act, BFU and the Sureties are jointly and severally liable to SPH for a sum not less than $1,295,177.42, together with costs, attorneys' fees, and such other amounts as may be proven at trial and to which SPH is entitled either by statute or under the Subcontract.

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.    CASE NO. 3:22-CV-_____
COMPLAINT    PAGE 10 OF 13
01225750.DOCX

Case 3:22-cv-00179-JMK    Document 1    Filed 08/03/22    Page 10 of 13

## COUNT II
## BREACH OF CONTRACT

45. SPH realleges and incorporates the statements above as though fully set forth herein.

46. By failing to reimburse SPH for services performed pursuant to the Subcontract, BFU breached the Subcontract.

47. By refusing to consent to mediation of the parties' dispute, BFU breached the Subcontract.

48. As a result of BFU's breach, SPH sustained, and continues to sustain, damages, the exact amount to be proven at trial.

## COUNT III
## BAD FAITH

49. SPH realleges and incorporates the statements above as though fully set forth herein.

50. Under Alaska law, there is implied in every contract a covenant of good faith and fair dealing between all parties.

51. BFU assured SPH that it would present SPH's claims for equitable adjustment to the Government as part of a "global settlement" addressing the numerous delays in the Project.

52. On information and belief, BFU did not completely present SPH's claimed additional costs to the Government, and instead selectively presented

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.
COMPLAINT
01225750.DOCX
CASE NO. 3:22-CV-_____
PAGE 11 OF 13

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 11 of 13

only a part of them, without SPH's consent. Doing so was a violation of its duty of good faith and fair dealing.

53. Moreover, on information and belief, BFU arrived at a "global settlement" with the Government after presenting to the Government some of the additional costs claimed by SPH. Yet BFU never paid SPH any amount following the settlement. This also was a violation of BFU's duty of good faith and fair dealing.

54. As a result of BFU's breach of its duty of good faith and fair dealing, SPH sustained, and continues to sustain, damages in an exact amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff SPH prays for the following relief against Defendants BFU and Bond Nos. 106855350 and 09277667:

1. A money judgment against BFU, Fidelity, Zurich and Traveler's for actual damages in an amount exceeding $1,295,177.42, the exact amount to be determined at trial;

2. Actual attorneys' fees and costs;

3. Pre-judgment and post-judgment interest at the highest allowable rate; and

4. Such other relief as this Court deems just and equitable.

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.
COMPLAINT
01225750.DOCX
CASE NO. 3:22-CV-_____
PAGE 12 OF 13

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 12 of 13

DATED this 2nd day of August, 2022.

                                BIRCH HORTON BITTNER & CHEROT
                                Attorneys for Plaintiff

By: _____
      Adam W. Cook, ABA #0611071
      510 L Street, Suite 700
      Anchorage, AK 99501
      Telephone:  907.276.1550
      Facsimile:   907.276.3680
      Email:        acook@bhb.com

SUPERIOR GROUP V. BETHEL FEDERAL UNIT-JV, ET AL.    CASE NO. 3:22-CV-_____
COMPLAINT    PAGE 13 OF 13
01225750.DOCX

Case 3:22-cv-00179-JMK   Document 1   Filed 08/03/22   Page 13 of 13